UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA

| | | |
|---|---|---|
| ERICA KIDD & ROCKY KIDD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:07-CV-393-TS |
| | ) | |
| SUPERIOR AIR-GROUND AMBULANCE SERVICE, INC., and HUMBERTO SOTO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) the Plaintiffs' Motion for Remand [DE 4], filed on November 19, 2007; and (2) Superior Air-Ground Ambulance Service's Motion for Leave to File Amended Notice of Removal [DE 6], filed on November 21, 2007.

**BACKGROUND**

On October 5, 2007, the Plaintiffs, Erica and Rocky Kidd, sued the Defendants, Superior Air-Ground Ambulance Service, Inc., (Superior) and Humberto Soto (Soto), in Lake County Superior Court. The Plaintiffs sue Superior for intentional infliction of emotional distress, slander and defamation, sexual harassment, and retaliation. The Complaint also alleges that Defendant Soto, an employee of Superior, engaged in unlawful slander and defamation. Superior received notice of the Complaint on October 16, 2007.

On November 5, Superior filed a notice of removal of the case to federal district court pursuant to 28 U.S.C. § 1446(b). Superior asserted that the action could have originally been brought in federal district court on the basis of diversity of citizenship jurisdiction and federal question

jurisdiction, and detailed the basis for both.

On November 19, the Plaintiffs moved to remand the case to state court pursuant to 28 U.S.C. § 1447(c). The Plaintiffs assert that Superior's notice of removal is defective because "Soto has not joined in Superior's removal, nor has Superior provided any evidence that Soto has consented to removal or that his consent is not necessary." (DE 5 at 1.)

On November 21, Superior requested leave to file an amended notice of removal to cure the defect in its November 19 Notice of Removal. Superior acknowledges that in its original notice, it inadvertently failed to state that neither Soto's consent to, or joinder in, the notice of removal was necessary because he was not served with the Complaint. In support of its motion, Superior attached the affidavit of Soto. He states both that he consents to removal and that on November 5, when Superior filed its notice, he had not been served with any summons or complaint or otherwise received a copy of a summons or complaint.[1] Superior also attached its proposed amended notice.

On November 26, the Plaintiffs responded to the motion for leave to amend, arguing that because the removal notice was defective and was not cured within the thirty-day time period for filing such notices, they were entitled to have their case remanded to state court. On December 3, Superior replied.

On December 4, Superior filed its opposition to the Plaintiff's motion to remand to state court. On this same date, the Plaintiff filed a reply in support of their motion to remand.

## DISCUSSION

---

[1] The Court notes that whether Soto now consents to the removal is not relevant to its inquiry in this case.

28 U.S.C. § 1446 is the removal statute. It allows a defendant desiring removal of a civil action to file a notice of removal within thirty days after receiving a copy of the complaint or being served, whichever comes first. 28 U.S.C. § 1446(b). For thirty days after the notice of removal is filed, a plaintiff may move to remand the case to state court on grounds that the notice is defective. 28 U.S.C. § 1447(c) (providing thirty day time frame for motion to remand made on the basis of "any defect other than lack of subject matter jurisdiction"). As a general rule, all defendants must join in a removal petition in order to effect removal. *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900). In addition, because a party petitioning for removal must allege the facts that entitle him to removal, he must explain the absence of any co-defendant. *N. Ill. Gas Co. v. Airco Indus. Gases, a Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). A notice is considered defective if it fails to explain why the other defendants have not consented to removal—even if those defendants ultimately are not required to consent. *Shaw v. Dow Brands, Inc*, 994 F.2d 364, 368 (7th Cir. 1993) (citing *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)).

Because Superior's notice did not indicate whether Soto consented to the removal, or explain that his consent was otherwise unnecessary, the Plaintiffs moved to remand the case to state court. Superior has since explained that Soto's consent was not necessary because he was not served with the complaint when it filed the notice and asks that it be allowed to amend its notice of removal. The issues raised by the Plaintiff's motion to remand and Superior's motion to amend are (1) whether the defect that existed in the original notice may be cured after the thirty-day deadline has expired; and (2) if so, has Superior cured the defect with its proposed notice.

**A.     Curable Defects**

The Supreme Court has stressed that removal statutes are to be strictly construed because "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Generally, procedural defects in a notice of removal may be cured within the thirty day limit, but not after the thirty day limit has expired. *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 384 (N.D. Ind. 1995). However, the Seventh Circuit has recognized exceptions for defects that are a curable technicality that do not "go to the heart of jurisdiction," such as the failure to explain the absence of a party that was not served with the complaint *Shaw*, 994 F.2d at 369; *see also Airco Indus.*, 676 F.2d at 273 (finding that a defect in an initial petition for failing to allege that co-defendant was a nominal party was cured by an untimely filed amended petition).

The parties do not dispute that Superior failed to explain in its notice why Soto did not consent to removal. Superior asserts that Soto did not have notice of the lawsuit at the time Superior filed its removal notice, and thus, his consent was not necessary. In *Shaw*, the Seventh Circuit specifically addressed whether an untimely explanation for a co-defendant's absence from a removal petition could be allowed when the absent defendant had not been served. 994 F.2d at 368. The Court held that it could. *Id.* at 369. Thus, under *Shaw*, if Soto did not have notice at the time Superior filed the notice of removal, Superior's failure to explain why Soto did not join in the consent is curable, even beyond the thirty-day limitation period. *Id.*; *see also Howell v. Joffe*, 478 F. Supp. 2d 1014, 1019 (N.D. Ill. 2006) (applying *Shaw* to find that failure to explain why unserved defendants did not join petition was a curable defect even after the thirty-day time period had expired).

4

The Plaintiffs cite to the principles of strict construction of removal statutes and the right to remand in the instance of defective notices, but they do not appear to seriously dispute the fact that the failure to explain the absence of a party who did not receive notice is a curable defect. Rather, their real dispute seems to be that the record cannot support Superior's motion because it relies on evidence that was not presented with the original notice.

**B.     The Record Before the Court**

In determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings. *Airco Indus.*, 676 F.2d at 273–74 (holding that where the state court record reveals a jurisdictional fact that is essential to removal and had been omitted from the notice of removal, an amendment to the notice is allowed); *Shaw*, 994 F.2d at 369 (stating that when determining whether the notice was so defective as to be incurable a court "may look at the entire record of state court proceedings"). For example, in *Airco Indus.*, the state court record "contained the necessary information regarding [a co-defendant's] nominal party status." 676 F.2d at 274.[2]

The state court record, first made a part of the federal district court record on November 27, does not show any record of service on Soto before November 9. Superior does not purport to rely solely on this record, but also offers the affidavit of Co-Defendant Soto, in which he states that he did not have notice of the Complaint on November 5. The Plaintiffs argue that Soto's affidavit comes too late because the court can only consider the record that existed at the time the notice was

---

[2] Nominal parties need not join in removal. *Ryan v. State Bd. of Elections*, 661 F.2d 1130, 1134 (7th Cir. 1981).

filed. They contend that because no affidavit existed in the state court record, but was first created and filed when Superior sought leave to amend its notice, the Court cannot consider it. The Plaintiffs also argue that reliance on the state court record filed on November 27 is not proper because only the state court record provided to the Court on the date the notice was filed can be considered. The only state court documents filed with the notice were the civil cover sheet and the summons issued to Superior. Naturally, these documents do not address Soto or whether he was served with the Complaint.

The Court finds that, while it is the "complaint, the notice of removal, and the state court record at the time the notice of removal was filed" that the court considers when resolving whether an action should be remanded to state court (DE 8 at 8; DE 12 at 2 (both citing *Carter v. Bluecross Blueshield of Tenn., Inc.*, No. 1:05-cv-304, 2006 WL 1129390 (E.D. Tenn. Apr. 24, 2006)), the Plaintiffs rely on a strained and unconvincing interpretation of this rule to argue that the affidavit and state court record must be ignored because they were not filed with the original petition or otherwise before the thirty-day deadline expired. It is the state court record that *existed* on November 9, when Superior filed its notice, not the state court record that Superior *provided,* that is relevant. The record is an account of events that occurred in the lawsuit on certain dates. This record is assumed to be an accurate history regardless of whether Superior filed it with the Court. The state court record, as of November 9, did not show service of the complaint on Soto.

Moreover, Soto's affidavit confirms that he did not have notice of the lawsuit as of November 9. It is entirely appropriate for Superior, and this Court, to rely on Soto's affidavit testimony about facts that existed at the time Superior filed its notice. In *Andreshak v. Service Heat Treating, Inc.*, 439 F. Supp. 2d 898, 902 (E.D. Wis. 2006), the defendants argued that a co-defendant

6

had not been served with process when they filed their notice of removal. However, they provided no proof on that point. The district court opined that all the defendants needed to do was have the co-defendant state in an affidavit that he had not yet been served. 439 F. Supp. 2d at 902 (holding that because they did not provide the appropriate affidavit, they did not prove that joinder was unnecessary). Superior has followed the recommendation of *Andreshak*. That the necessary affidavit was not filed until after the thirty-day deadline was expired does not render it void. In *Shaw*, the affidavit relied on was not filed until shortly before oral argument on appeal, well after the thirty-day deadline. 994 F.2d at 368.

The facts necessary to cure the defect in Superior's notice of removal have not developed since it filed its notice. They have simply since been attested to and provided to the Court. It is proper for the Court to rely on this evidence to determine the status of the case on November 9, 2007. Because the absence of Soto was justified on November 9, the court is not "willing to punish" Superior for what is "a technicality that does not go to the heart of jurisdiction." *Shaw*, 994 F.2d at 369. Therefore, Superior may amend its notice even though the thirty-day deadline has expired.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Remand [DE 4] is DENIED and Superior's Motion for Leave to File Amended Notice of Removal [DE 6] is GRANTED. The Amended Notice is considered filed with the Court as of the date of this Opinion and Order.

SO ORDERED on December 20, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION